# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE    )
                             )
        v.                )     I.D. No. 0804011072
                             )
PHILIP DAVIS,         )
                             )
     Defendant.     )

Submitted: June 30, 2017
Decided: July10, 2017

Upon Defendant's Motion for Postconviction Relief
**SUMMARILY DISMISSED.**

Upon Defendant's Motion for Appointment of Counsel
**DENIED.**

## **ORDER**

Philip Davis, *pro se*, Smyrna, DE.

Joseph Grubb, Esquire, Chief Prosecutor for New Castle County, Department of Justice, 820 N. French St., Wilmington, Delaware, Attorney for the State.

WHARTON, J.

This 10th day of July, 2017, upon consideration of Defendant's Motion for Postconviction Relief, Motion for Appointment of Counsel and the record in this matter, it appears to the Court that:

1.  Defendant Philip Davis ("Davis") was indicted by the Grand Jury on the charges of Rape First Degree (14 counts), Dangerous Crime Against a Child, Unlawful Sexual Contact First Degree (11 counts) and Continuous Sexual Abuse of a Child.[1] On December 30, 2008, Davis pled guilty to one count each of Rape First Degree and Rape Fourth Degree, the latter as a lesser included offense of Rape First Degree.[2] In March 2009, he was sentenced to a total of 65 years of incarceration suspended after 44 years, followed by decreasing levels of supervision.[3] Davis did not appeal his conviction and sentence to the Delaware Supreme Court.

2.  On June 30, 2017, Davis filed this Motion for Postconviction Relief ("Motion"),[4] his first, along with a Motion for Appointment of Counsel.[5] Davis alleges ineffective assistance of counsel, claiming that his attorney failed to fully and correctly explain the plea agreement, and failed to advise him of the sentencing option of "11 *Del. C.* § 4612(d)."[6] Davis also alleges "Unfullfillment [sic] of Plea Agreement" in that he was never advised of any mandatory sentence or that he had

---

[1] D.I. 2.
[2] D.I. 10.
[3] D.I. 13.
[4] D.I. 16.
[5] D.I. 17.
[6] *Id.* There is no such section as 11 *Del. C.* § 4612(d).

the option to be sentenced either under Truth in Sentencing or the prior standard.[7] Finally, he alleges that the plea agreement was involuntary because he was not made fully aware of it.[8]

3. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[9] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[10]

4. Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred, *inter alia*, for time limitations or procedural default. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court.[11]

5. The bars to relief do not apply either to a claim that the court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that

---

[7] *Id.*
[8] *Id.*
[9] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[10] *Id.*
[11] Super. Ct. Crim. R. 61(i)(1).

creates a strong inference of actual innocence[12] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[13]

6. Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[14]

7. In applying the procedural bars of Rule 61(i), it appears that the motion is untimely since it was filed more than eight years after the convictions became final. In order to overcome this bar to relief, Davis must satisfy the pleading requirements of Rule 61(2)(i) or (2)(ii).[15] He may do so by pleading with particularity that new evidence exists that creates a strong inference that the he is actually innocent[16] or by pleading with particularity a claim that a new retroactive rule of constitutional law applies to the his case and renders his conviction invalid.[17] Davis has not made that effort. Therefore this untimely motion must be **SUMMARILY DISMISSED**.

8. Rule 61(e)(2) provides for the appointment of counsel in first postconviction relief motions in guilty plea cases.[18] "The judge may appoint counsel for an indigent movant's first timely postconviction motion and request for

---

[12] Super. Ct. Crim. R. 61(i)(5).
[13] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).
[14] Super. Ct. Crim. R. 61(d)(5).
[15] Super Ct. Crim. R. 61(i)(5).
[16] Super. Ct. Crim. R. 61(d)(2)(i).
[17] Super. Ct. Crim. R. 61(d)(2)(ii).
[18] Super. Ct. Crim. R. 61(e)(2).

appointment of counsel."[19] Here the postconviction relief motion is untimely and, accordingly, the request for counsel is **DENIED.**

Therefore, since it plainly appears from Motion for Postconviction Relief and the record in this case that Davis is not entitled to relief, the Motion for Postconviction Relief is **SUMMARILY DISMISSED.** Further, since the Motion for Appointment of Counsel seeks counsel for an untimely postconviction relief motion, it is **DENIED.**

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

oc: Prothonotary
cc: Investigative Services

---

[19] *Id.*

5